**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**
File Name: 13a0629n.06

No. 12-4273

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

**FILED**
*Jul 03, 2013*
DEBORAH S. HUNT, Clerk

| | | |
|---|---|---|
| WEI FANG, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | ON PETITION FOR REVIEW |
| v. | ) | FROM THE UNITED STATES |
| | ) | BOARD OF IMMIGRATION |
| ERIC H. HOLDER, JR., Attorney General, | ) | APPEALS |
| | ) | |
| Respondent. | ) | |
| | ) | |

BEFORE:  COLE and DONALD, Circuit Judges; MARBLEY, District Judge.[*]

PER CURIAM.  Wei Fang petitions for review of an order of the Board of Immigration Appeals (BIA) that affirmed an immigration judge's (IJ) denial of his application for asylum, withholding of removal, and relief under the Convention Against Torture (CAT).

Fang is a native and citizen of China.  He entered the United States in June 2007.  In January 2008, Fang filed an application for asylum, withholding of removal, and relief under the CAT, alleging that, if returned to China, he would be persecuted for violating its family planning policy. Fang subsequently filed a supplement to his application, alleging that he would be persecuted because of his membership and participation in the "China Democracy Party USA Headquarters" (CDP).

---

[*]The Honorable Algenon L. Marbley, United States District Judge for the Southern District of Ohio, sitting by designation.

The IJ denied Fang's application, concluding that he failed to establish entitlement to relief. The BIA affirmed the IJ's decision. On appeal, Fang argues that the IJ and BIA erred by denying his application because he established that he had a well-founded fear of future persecution on account of his membership and participation in the CDP. Fang also argues that his evidence was sufficient to demonstrate entitlement to withholding of removal and relief under the CAT.

Where, as here, the BIA does not summarily affirm or adopt the IJ's reasoning and provides an explanation for its decision, we review the BIA's decision as the final agency determination. *Ilic-Lee v. Mukasey*, 507 F.3d 1044, 1047 (6th Cir. 2007). We review legal conclusions *de novo* and factual findings for substantial evidence. *Khozhaynova v. Holder*, 641 F.3d 187, 191 (6th Cir. 2011). Under the substantial evidence standard, administrative findings of fact are conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary. *Id.* To establish eligibility for asylum, an applicant must demonstrate either past persecution or a well-founded fear of future persecution on account of race, religion, nationality, membership in a particular social group, or political opinion. *Bi Xia Qu v. Holder*, 618 F.3d 602, 606 (6th Cir. 2010).

Substantial evidence supported the BIA's determination that Fang failed to establish a well-founded fear of future persecution on account of his membership and participation in the CDP. While there was evidence in the record demonstrating that members of the China Democracy Party in China had been arrested and imprisoned, there was no evidence establishing that Chinese authorities persecuted low-level members of organizations such as the CDP whose political activities occurred solely outside of China. In addition, the BIA reasonably gave limited weight to the statements of Fang's wife and the executive chairman of the CDP that Fang had been blacklisted by

the Chinese government because there was no evidence to support their assertions and they were not available for cross-examination. Finally, Fang's evidence did not otherwise establish that the Chinese government was likely to specifically target him because of his political activities.

Because the BIA's determination that Fang was ineligible for asylum was supported by substantial evidence, it follows that substantial evidence also supported the BIA's determination that Fang did not satisfy the higher standards for withholding of removal and relief under the CAT. *See Ceraj v. Mukasey*, 511 F.3d 583, 594 (6th Cir. 2007).

Accordingly, we deny Fang's petition for review.