NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 17a0441n.06

No. 16-4141

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

**FILED**
Jul 27, 2017
DEBORAH S. HUNT, Clerk

| | | |
|---|---|---|
| WEI FANG, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | ON PETITION FOR REVIEW |
| v. | ) | FROM THE UNITED STATES |
| | ) | BOARD OF IMMIGRATION |
| JEFFERSON B. SESSIONS, III, Attorney | ) | APPEALS |
| General, | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |

BEFORE: NORRIS, SUHRHEINRICH, and GRIFFIN, Circuit Judges.

PER CURIAM. Wei Fang petitions this court for review of an order of the Board of Immigration Appeals (BIA) denying his motion to reopen his removal proceedings. As set forth below, we deny the petition for review.

Fang, a native and citizen of China, entered the United States without inspection in 2007. Fang filed a timely application for asylum, withholding of removal, and protection under the Convention Against Torture (CAT), asserting that he and his wife violated the family planning policy in China and that she was forced to have an abortion. The Department of Homeland Security served Fang with a notice to appear in removal proceedings, charging him with removability as an alien present in the United States without being admitted or paroled. *See* 8 U.S.C. § 1182(a)(6)(A)(i). Appearing before an immigration judge (IJ), Fang admitted the factual allegations contained in the notice to appear and conceded removability as charged. Fang

subsequently supplemented his applications to assert his involvement with the Chinese Democracy Party (CDP) in the United States.

At the conclusion of the merits hearing, the IJ denied Fang's applications for relief and ordered his removal to China. The IJ found that Fang was not credible and that he had failed to demonstrate eligibility for asylum, withholding of removal, or CAT protection. On appeal, the BIA, assuming Fang's credibility, affirmed the denial of his applications on the merits. This court denied Fang's petition for review of the BIA's order. *Fang v. Holder*, 529 F. App'x 641 (6th Cir. 2013).

Two years later, in July 2015, Fang filed a motion to reopen his removal proceedings along with a new application for asylum, withholding of removal, and CAT protection. Fang asserted that, after his removal proceedings ended, he began to attend a Christian church and was baptized in April 2014. According to Fang, if he "is sent back to China and continues to practice Christianity[,] he will be arrested, detained, and beaten just like other members of the underground Christian Church." To avoid the 90-day filing deadline for motions to reopen, *see* 8 U.S.C. § 1229a(c)(7)(C)(i)-(ii), Fang claimed a material worsening of conditions for Christians in China.

The BIA denied Fang's motion to reopen. The BIA first determined that Fang's motion was untimely and that he had failed to establish a material change in conditions for Christians in China since his January 2010 hearing as required to fall within the exception to the filing deadline. The BIA further noted that Fang had failed to demonstrate prima facie eligibility for relief.

This timely petition for review followed. We review the BIA's denial of a motion to reopen for an abuse of discretion. *Liu v. Holder*, 560 F.3d 485, 489 (6th Cir. 2009). We "will find an abuse of discretion if the denial of the motion to reopen 'was made without a rational

explanation, inexplicably departed from established policies, or rested on an impermissible basis such as invidious discrimination against a particular race or group.'" *Id*. at 490 (quoting *Allabani v. Gonzales*, 402 F.3d 668, 675 (6th Cir. 2005)).

A motion to reopen must be filed within 90 days of a final order of removal. 8 U.S.C. § 1229a(c)(7)(C)(i); 8 C.F.R. § 1003.2(c)(2). The 90-day deadline does not apply if the motion to reopen is based on changed country conditions, "if such evidence is material and was not available and would not have been discovered or presented at the previous proceeding." 8 U.S.C. § 1229a(c)(7)(C)(ii); *see* 8 C.F.R. § 1003.2(c)(3)(ii).

The BIA noted that Fang's recent conversion to Christianity constituted a change in his personal circumstances, which, standing alone, was insufficient to fall within the exception for changed country conditions. *See Liu*, 560 F.3d at 492. The BIA went on to conclude that Fang had failed to demonstrate a material change in conditions for Christians in China since his January 2010 hearing before the IJ. In reaching that conclusion, the BIA compared the country reports submitted at the hearing with those submitted in support of Fang's motion to reopen. Those reports showed continued tensions between the Chinese government and members of unregistered churches rather than a material change in country conditions.

Fang argues that the BIA "completely ignored" the 2013 annual report from the China Aid Association. Contrary to Fang's argument, the BIA cited China Aid's report on the basis that the report failed to show how Christians have been treated in Fang's home province of Fujian.

Fang also contends that the BIA erred in narrowly interpreting the evidence necessary to show a change in country conditions, citing *Vahora v. Holder*, 641 F.3d 1038 (9th Cir. 2011). In *Vahora*, the Ninth Circuit addressed the changed circumstances exception to the one-year deadline for filing an asylum application, which excuses the filing deadline if the applicant

demonstrates "the existence of changed circumstances which materially affect the applicant's eligibility for asylum," 8 U.S.C. § 1158(a)(2)(D), stating that the exception was "intended to be broad." 641 F.3d at 1045. Fang fails to explain why or how the Ninth Circuit's interpretation of a different statutory exception would apply to his motion to reopen, especially when such motions are disfavored. *See INS v. Doherty*, 502 U.S. 314, 323 (1992); *INS v. Abudu*, 485 U.S. 94, 107 (1988).

The BIA further determined that Fang had failed to demonstrate prima facie eligibility for any of the relief that he sought. A prima facie showing requires "evidence that reveals a reasonable likelihood that the statutory requirements for relief have been satisfied." *Alizoti v. Gonzales*, 477 F.3d 448, 452 (6th Cir. 2007) (internal quotation marks and citation omitted). To be eligible for asylum, Fang must establish a well-founded fear of persecution on account of his religion. *See* 8 U.S.C. §§ 1101(a)(42)(A), 1158(b)(1)(B). As the BIA noted, Fang failed to explain how the Chinese authorities would become aware of his religious beliefs and activities. The BIA also pointed out that Fang's background evidence showed mistreatment occurring outside his native province and involving church leaders, political activists, and other individuals not similarly situated to him. Moreover, Fang's motion to reopen reflects an "attempt to manufacture a more perfect asylum application while living illegally in the United States," changing the basis for relief from his wife's forced abortion to his CDP activities and now to his religious conversion. *Liu*, 560 F.3d at 493.

Fang contends that the BIA ignored a report from the Australian Refugee Rights Alliance, which purportedly demonstrates that he will be persecuted if he returns to China. This report focuses on the adequacy of Australia's refugee status determination process rather than the mistreatment of Christians in China. While the report states that "[t]here are now many cases of deportees being tortured upon their return to China," the report does not provide the basis for

their refugee claims, where in China they returned to, or other information indicating that Fang is in "the exact same situation."

The BIA did not abuse its discretion in denying Fang's motion to reopen. Accordingly, we **DENY** Fang's petition for review.